

# RENTAL AGREEMENT
No. _1615-cxx 4_
_930896_

| RENTER: | VALLEY PACKAGING CORP | | SUPPLIER and EQUIPMENT: | See Schedule A |
|---|---|---|---|---|
| EQUIPMENT ADDRESS: | 275 INDUSTRIAL BOULIVARD PULASKI, TN 38478 | | | |
| INITIAL TERM (in months) 48 | | | RENTAL PAYMENT SCHEDULE (plus applicable taxes) 48 @ $ 3,000.00 | |

1. **Rental Agreement:** KMH Systems, Inc. ("we", "us" or "our") agrees to rent to Renter ("you" or "your") and you agree to rent from us the equipment, products and/or services described above (the "Equipment"). All amounts received from you under this Rental Agreement ("Agreement") shall be applied to amounts owed by you hereunder as we determine in our sole discretion.

2. **Term:** The term of this Agreement shall consist of an interim term ("Interim Term"), initial term ("Initial Term") and one or more renewal terms, if any ("Renewal Term"). The Interim Term, Initial Term and Renewal Term are referred to collectively as the "Term". The Interim Term shall commence on the date ("Commencement Date") we fund the purchase price of the Equipment following the acceptance of the Equipment by you for all purposes under this Agreement, and shall terminate on the day prior to the commencement of our applicable monthly billing cycle, which latter date shall be the date the Initial Term commences as designated by us. Upon your acceptance of the Equipment, your obligations under this Agreement become irrevocable.

3. **Payment; Interim Rent:** You request that we purchase the Equipment you selected. We shall have no liability under this Agreement whatsoever until the satisfaction in our sole discretion of all conditions we may specify. You agree to pay us the periodic rent payments (each a "Payment") shown above for each month during the Initial Term and all other amounts that become due from time to time under this Agreement. The amount of each Payment is based upon the total estimated cost of the Equipment you have provided to us. If the final cost of the Equipment we pay the Supplier is higher or lower than that estimate, we will adjust the amount of each Payment proportionately higher or lower than the Payment amount set forth above. The first Payment other than an advance payment shall be due and payable on the date specified by us in our sole discretion ("First Payment Date") and all subsequent Payments are due on the same date of each subsequent month during the Term regardless of whether you receive an invoice for such Payment. On the First Payment Date you also agree to pay us Interim Rent in an amount equal to 1/30th of the amount of each Payment for each day of the Interim Term.

4. **Collection Charges:** Whenever any amount due under this Agreement is not paid when due, you will upon our demand pay a late charge equal to the greater of 10% of such amount or $25, or if less, the maximum late charge allowed by applicable law. You also agree to pay a charge of $30 for each check returned or ACH debit not honored for non-sufficient funds or other reasons. Such charges will not be construed as interest but as reimbursement to us to cover administrative and overhead expenses related to the processing and collection of the late amount.

5. **Statutory Finance Lease; Agency and Selection of Equipment; Computer Software:** You agree that it is the intent of both parties that this qualify as a statutory finance lease under Article 2A of the Uniform Commercial Code ("UCC"); you waive any right you may have under Sections 2A-303 and 2A-508 through 2A-522 of the UCC. You acknowledge that you have selected both the Equipment; and its supplier ("Supplier") and that we have not participated in their selection. We hereby assign to you, so long as you are not in default hereunder, our assignable rights under any contract of ours with the Supplier relating to the Equipment; you should contact the Supplier directly for a statement of those rights, if any. You agree that no representative of the manufacturer of the Equipment ("Manufacturer") or the Supplier is acting on our behalf and we are not acting on their behalf. You agree that as to any software constituting Equipment (a) we have no title to such software, (b) you have executed or will execute a separate software license agreement and we are not party to and have no responsibilities whatsoever in regards to such license agreement, (c) you have selected such software, and WE MAKE NO REPRESENTATION OR WARRANTY REGARDING SUCH SOFTWARE.

6. **Warranties and Limitation of Liability; Non-cancelable Agreement:** WE MAKE NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING WITHOUT LIMITATION THE DESIGN OR CONDITION OF THE EQUIPMENT ITS MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. WE WILL HAVE NO LIABILITY BY REASON OF ANY ACT OR OMISSION RELATING TO THE EQUIPMENT OR ITS RENTAL, DELIVERY, INSTALLATION, MAINTENANCE, OPERATION, PERFORMANCE, OR USE, INCLUDING WITHOUT LIMITATION ANY LOSS OF USE, LOST REVENUE, LOST PROFITS. RENTER UNDERSTANDS THAT ONCE THE CONTRACT IS ASSIGNED, THE ASSIGNEE IS A SEPARATE AND INDEPENDENT COMPANY FROM SUPPLIER OR ANY VENDOR, MANUFACTURER, DISTRIBUTOR OR LICENSOR OF SOFTWARE, AND THAT NONE OF THEM NOR ANY AGENT OR EMPLOYEE OF ANY OF THEM IS AN AGENT FOR THE ASSIGNEE. RENTER AGREES THAT NO REPRESENTATION, GUARANTEE OR WARRANTY BY ANY SUCH ENTITY OR PERSON IS BINDING ON THE ASSIGNEE, AND NO BREACH BY ANY SUCH ENTITY OR PERSON WILL EXCUSE OR OTHERWISE AFFECT RENTER'S OBLIGATIONS TO ASSIGNEE. You also acknowledge and agree that (i) you have fully inspected and accepted the Equipment hereunder and the Equipment is in good condition and to your complete satisfaction; and (ii) you rent the Equipment "as is" and with all faults. THIS AGREEMENT IS IRREVOCABLE FOR THE FULL TERM. YOUR OBLIGATION TO PAY ALL PAYMENTS AND OTHER AMOUNTS IS ABSOLUTE AND UNCONDITIONAL AND WILL NOT BE SUBJECT TO ANY ABATEMENT, REDUCTION, SETOFF, DEFENSE, COUNTERCLAIM, INTERRUPTION, DEFERMENT OR RECOUPMENT FOR ANY REASON WHATSOEVER, INCLUDING ANY DEFECT IN THE EQUIPMENT.

7. **Location; Use; Maintenance and Return of Equipment:** You agree that the Equipment will be used solely for business or commercial purposes. You will not alter, modify or make additions or improvements to the Equipment without our prior written consent. Any additions to the Equipment shall become our property. You agree not to change the location of the Equipment without our advance written consent. You will, at your sole expense, maintain the Equipment in good operating condition and repair as specified by its Manufacturer using in every case Manufacturer approved replacement parts. You agree to maintain the Equipment's appearance, free of nicks, dents, tears and other blemishes and protect the Equipment from deterioration, other than normal wear and tear . If the Manufacturer provides a maintenance program for the Equipment, the Equipment will at all times be maintained in such a condition as to be eligible for such program. Upon the expiration or other termination of this Agreement, you will return possession of the Equipment, along with all manuals and any other related documents, to us in the condition required above, packed and shipped as recommended by the Manufacturer to any location designated by us. The Equipment must be returned in a condition whereby it can immediately be placed into revenue producing service at its original designated function or capacity. All costs and expenses of the return shall be borne by you, including but not limited to: disassembly, packing, transportation, insurance and unloading the Equipment.

8. **Title; Registration:** You will at all times and at your sole cost and expense keep the Equipment free and clear from all liens and encumbrances (except any placed thereon by us) and will give us immediate written notice of any claims against the Equipment. Each item of Equipment subject to title registration laws will at all times be titled and/or registered in such a manner and jurisdiction as we direct.

9. **Taxes and Fees:** You agree to pay when due, and to indemnify and hold us harmless from, all taxes, fees, fines and any related interest and penalties relating to this Agreement and the Equipment ("Taxes") or to reimburse us on our demand for those Taxes we elect, in our sole discretion, to pay on your behalf. Unless and until we advise you to the contrary we will pay any personal property Taxes relating to the Equipment directly to the applicable taxing authority. With respect to personal property and any other Tax we have elected to pay directly on your behalf, you also agree to pay to us processing fees of ours. If any taxing authority requires any Taxes to be paid in advance, you authorize us to advance the Tax and increase the Equipment cost by such amount and increase the amount of each Payment as described in Section 3 above. You agree to pay us fees in an amount in effect from time to time in connection with the documentation of this Agreement and any site inspection and lien search we deem necessary. You agree that all such fees may not only cover our costs they may also include a profit.

10. **Risk of Loss; Indemnity; Insurance:** You are responsible for any loss, damage or destruction of the Equipment. No such loss, damage or destruction will relieve you from the payment obligations under this Agreement. You agree to promptly notify us in writing of any loss, damage or destruction and you will then at our election promptly repair the Equipment at your sole cost and expense or pay to us in addition to all amounts then due and owing, the total of all unpaid Payments for the Term plus our residual interest in the Equipment, all discounted to their then present value at four percent (4%) per annum. Any proceeds of insurance will be paid to us and credited to any amount owed by you hereunder. You agree to indemnify and hold us, our members, managers, officers, employees and agents harmless from and against any and all claims, costs, expenses, damages and liabilities, including reasonable attorneys' fees, arising out of your selection, possession, operation, use or disposition of the Equipment. During the Term, you will, at your expense, procure and maintain comprehensive general liability and casualty insurance acceptable to us on the Equipment. Each insurance policy will name us as additional insured and loss payee as applicable. You will furnish to us a certificate of insurance that such insurance coverage is in effect. If you do not provide us with acceptable evidence of insurance, we may, but will not be required to, buy such insurance for our sole benefit and add a charge to the Payments which will include all costs associated with obtaining such insurance, including (i) premium expense, and (ii) fees for billing and other administrative services.

11. **Assignment:** You agree that without our prior written consent, you will not assign or transfer your rights under this Agreement, or sublease or permit the Equipment to be used by anyone other than you. We may assign this Agreement, in whole or in part, without notice to you or your consent. You agree that the assignee will have the same rights and benefits that we have now and will not have to perform our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses or set offs that you may have against us.

12. **Default; Remedies:** If any one of the following events occurs, you will be in default: (i) you fail to pay any Payment or other amount due under this Agreement, when due, (ii) you cease doing business as a going concern, make an assignment for the benefit of creditors, admit your inability to pay your debts as they become due or are insolvent, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any representation, warranty or covenant contained in this Agreement, or (iv) any guarantor of this Agreement defaults on any obligation to us or any of the above-listed events of default occur with respect to any guarantor. Upon the occurrence of a default, we may at our option do any or all of the following: (a) by notice to you, terminate this Agreement; (b) whether or not this Agreement is so terminated, take possession of the Equipment, and for such purpose, enter upon any premises without liability for so doing; you irrevocably waive to the fullest extent permitted by law any bonds, surety or security required of us in the event we seek to take possession of the Equipment, (c) declare all sums due and to become due hereunder immediately due and payable together with our residual interest in the Equipment, all such accelerated sums to be discounted to their then present value using a discount rate of 4% per annum as calculated by us; (d) sell, dispose of, hold, use or lease any of the Equipment; (e) exercise any other right or remedy which may be available to us under the UCC or other applicable law. In the event we enforce our rights under the Agreement, you shall reimburse us for all costs we incur in so doing including but not limited to our attorneys' fees and all costs of repossession, repair, storage and remarketing of the Equipment. The rights afforded us in this Agreement are in addition to any rights or remedies provided by law. The selection of one remedy does not preclude the exercise of any other remedy. A waiver of default will not be a waiver of any other or subsequent default.

13. **Automatic Renewal:** This Agreement will automatically renew for successive one year Renewal Terms unless you send us written notice at least 90 (but not more than 360) days before the expiration of the Initial Term or any Renewal Term that you do not want to renew the Agreement. During any Renewal Term, the payments under this Agreement will remain the same as during the Initial Term. Notwithstanding the foregoing, we may by written notice to you require you to redeliver the Equipment to us as specified in Section 7 above on the later of 10 days following such notice or the last day of the Initial Term and upon such redelivery your obligation to pay Rent with respect to any period following such redelivery shall cease.

14. **Governing Law:** This Agreement shall be governed by and construed in accordance with the laws of the state of New Jersey. YOU CONSENT TO THE NON-EXCLUSIVE JURISDICTION OF THE FEDERAL AND STATE COURTS LOCATED IN NEW JERSEY IN ANY ACTION OR PROCEEDING RELATING TO THIS AGREEMENT AND YOU AGREE THAT NEITHER YOU NOR US WILL BE LIABLE FOR SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES IN ANY SUCH ACTION OR PROCEEDING. YOU WAIVE ANY OBJECTION BASED ON IMPROPER VENUE AND/OR FORUM NON CONVENIENS WITH RESPECT TO ANY SUCH ACTION OR PROCEEDING AND THE PARTIES WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN ANY SUCH ACTION OR PROCEEDING.

15. **General Provisions:** All of your covenants herein will survive the termination of this Agreement and the return of the Equipment. Any amount not paid when due hereunder shall accrue interest at the lower of 16% per annum or the highest rate allowed by applicable law if less and paid to us upon demand. You agree to provide us during the Term with updated financial statements and copies of your tax returns as we may request from time to time. If this Agreement is deemed to be a lease intended as security, you hereby grant to us a security interest in the Equipment, and all proceeds, as security for all of your obligations under this Agreement. You hereby irrevocably grant us the right to make such filings under the Uniform Commercial Code or other law naming you as debtor as we deem necessary to establish or perfect and protect our interest in the Equipment. If this Agreement is intended as security the parties agree that each Payment includes compensation that constitutes interest. Section headings are for convenience and are not a part of this Agreement. You agree that a waiver of breach will not be a waiver of any other subsequent breach, and that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. This Agreement will be binding upon and inure to the benefit of the heirs, executors, administrators, successors and permitted assigns of the parties hereto. This Agreement sets forth the entire understanding of the parties with respect to its subject matter and may only be amended by a written instrument executed by both parties and any other purported amendment shall be void. This Agreement may be executed in separate counterparts which together shall constitute one and the same instrument. Any notice given under this Agreement shall be in writing and be deemed given 2 business days after being deposited with the U.S. Postal Service, postage prepaid, addressed to the recipient at its address set forth above or such other address as a party may hereafter designate by written notice. A facsimile or other image of this Agreement shall be admissible in any action or proceeding relating to this Agreement and shall be deemed an original for all purposes. Any restrictive endorsement on any check you give us in payment of any amount due hereunder shall be void. You may not prepay this Agreement without our prior written consent. Time is of the essence with respect to your obligations under this Agreement. If Renter constitutes more than one person, you agree that the liability of each such person hereunder shall be joint and several.

| Renter Name: | VALLEY PACKAGING CORP | ACCEPTED BY LESSOR: | KMH SYSTEMS, INC. |
|---|---|---|---|
| Signature: | X (signed) | Signature | (signed) |
| Printed Name: | X Carter G. Moore | Printed Name: | Michael Guerin |
| Title: | X VP, Finance | Title: | |

### ACH AUTHORIZATION

**AUTHORIZATION FOR PRE-AUTHORIZED PAYMENTS:** Renter hereby authorizes KMH Systems, Inc., its successors and assigns to automatically initiate and make debit entries (charges) to Renter's bank account (and for Renter's bank to accept and post such debit entries) indicated below for the payment of all amounts owed by Renter to KMH Systems, Inc. from time to time under or in connection with this Agreement. Renter understands and agrees that KMH Systems, Inc. may impose a fee in the event Renter's bank does not pay a debit entry. This authority granted under this Authorization for Pre-authorized Payments is to remain in effect during the Term of the Agreement, including all renewals and extensions, and Renter acknowledges that if Renter revokes such authority during the term of the Agreement Renter shall be in default under the Agreement without the requirement of any prior notice from KMH Systems, Inc. as a precondition for such default. Any erroneous or incorrect charge will be corrected upon notification to KMH Systems, Inc. If corrections in the debit account are necessary, it may involve a credit or debit to Renter's account. Renter agrees that a facsimile or other copy of this Authorization for Pre-authorized Payments, as executed, shall be deemed the equivalent of the originally executed copy for all purposes.

| Bank Name: | | Acct Holder Name: | |
|---|---|---|---|
| Account No: | | ABA No: | |

Case 1:18-cv-00070 Document 1-2 Filed 09/13/18 Page 2 of 2 PageID #: 149