IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TCF EQUIPMENT FINANCE, a division of TCF NATIONAL BANK, | ) ) ) | |
| Plaintiff, | ) ) | NO. 1:18-cv-00070 |
| v. | ) ) | JUDGE CAMPBELL |
| KMH SYSTEMS, INC., VALLEY PACKAGING CORP., and AMUR EQUIPMENT FINANCE, INC. | ) ) ) ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) | |

## MEMORANDUM

Before the Court is Plaintiff TCF Equipment Finance's Motion to Dismiss Counterclaim of Amur Equipment Finance, Inc. (Doc. No. 16.) Amur responded to the motion (Doc. No. 23) and TCF submitted a reply (Doc. No. 24). For the reasons set forth below, the motion to dismiss is GRANTED.

### I. BACKGROUND

The following facts are as alleged in the Counterclaim (Doc. No. 16). Amur and TCF are parties to a Purchase and Sale Agreement ("PSA"). (*Id*. at ¶ 7.) Section 7.1 of the PSA contains the following indemnification provision:

> Without limiting any other rights which Seller [Amur] may have hereunder or under applicable law, [TCF] shall indemnify Seller [Amur] and its officers, directors, agents and employees (each, an "Indemnified Party") from and against any and all damages, losses, claims, taxes, liabilities, costs, expenses and other amounts payable, including reasonable attorneys' fees and disbursements (all of the foregoing being collectively referred to as "Indemnified Amounts") awarded against or incurred by any Indemnified Party arising out of or as a result of (i) any breach by [TCF] of any representation or warranty made by [TCF] (or any of its officers or employees) in this Agreement or any other Transaction Document, (ii) any breach by [TCF] of any covenant made by [TCF] in this Agreement or any

> other Transaction Document, or (iii) any action, proceeding or claim (actual or threatened) related to this Agreement or any other Transaction Document or to any Purchased Asset arising from the negligence or willful misconduct of [TCF], including, without limitation, any judgment, award, settlement, reasonable attorneys' fees and other costs or expenses incurred in connection with any such action, proceeding or claim. (PSA, Section 7.1(b), Doc. No. 1-6.)

On September 13, 2018, TCF filed a complaint against Amur, asserting claims that relate to the PSA. (*Id*. at ¶¶ 10-11.) Amur filed a counterclaim, asserting that it has incurred legal expenses "as a result of an action, proceeding, or claim related to the PSA" and is entitled to indemnification of these expenses under the indemnification provision of the PSA. (*Id*. at ¶ 14.)

TCF moved to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the contract language provides for indemnification only for claims arising from the negligence or willful misconduct of TCF and Amur did not allege any such conduct.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendant's motion to dismiss so long as they are referred to in the Complaint and are

central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

**III. ANALYSIS**

TCF argues the relevant portion of the indemnification provision is limited to "claims arising from the negligence or willful misconduct of TCF", and the counterclaim is devoid of any allegations that could constitute negligence or willful misconduct. Amur counters that its right to indemnification is not limited to claims arising out of negligence or willful misconduct because, applying the rule of the last antecedent, the limitation modifies only "purchased asset."

The PSA has a choice of law provision specifying the application of New York law to the agreement. (*See* PSA, Doc. No. 1-6 at § 8.6.). Accordingly, the Court will construe the agreement in accordance with New York law. *See Boswell v. RFD-TV The Theater, LLC*, 498 S.W.3d 550, 555-56 (Tenn. Ct. App. 2016) (forum state of Tennessee enforces choice of law provision in contracts).

In determining the obligations of parties to a contract, the threshold determination as to whether an ambiguity exists is a question of law to be resolved by the court. *Greenfield v. Philles Records,* 780 N.E.2d 166 (N.Y. 2002). Ambiguity is determined by looking within the four corners of the document, not to outside sources. *Riverside South Planning Corp. v. CRP/Extell Riverside, L.P.*, 920 N.E.2d 359, 404 (N.Y. 2009) (citations omitted). "The entire contract must be reviewed and '[p]articular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought.'" *Id.*

"An ambiguity exists where the terms of [the contract] could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context

of the entire integrated agreement...." *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002). "True linguistic ambiguities are 'rare in contract cases.'" *Stryker Corp. v. Nat'l Union Fire Ins. Co.*, 842 F.3d 422, 426 (6th Cir. 2016) (quoting E. Allen Farnsworth, *"Meaning" in the Law of Contracts*, 76 Yale L. J. 939, 954 (1967)). "[T]he Court may not find the contract ambiguous merely because the parties present alternative interpretations." *Neopharm Ltd. v. Wyeth–Ayerst Int'l LLC*, 170 F. Supp. 3d 612, 615 (S.D.N.Y. 2016).

The Court begins by examining the words of the agreement. The indemnification provision includes a list of events that would require indemnification:

> (i) any breach by [TCF] of any representation or warranty made by [TCF] (or any of its officers or employees) in this Agreement or any other Transaction Document,
> (ii) any breach by [TCF] of any covenant made by [TCF] in this Agreement or any other Transaction Document, or
> (iii) any action, proceeding or claim (actual or threatened) related to this Agreement or any other Transaction Document or to any Purchased Asset arising from the negligence or willful misconduct of [TCF].
> (PSA, Section 7.1(b), Doc. No. 1-6.)

TCF argues that "arising from the negligence or willful misconduct of [TCF]" modifies "action, proceeding or claim," so that TFC must indemnify Amur only if the claim arises out of TCF's negligence or willful misconduct. Amur argues that the rule of the last antecedent applies so that "arising from negligence or willful misconduct" modifies only "purchased asset."

The rule of the last antecedent applies only when the last antecedent can grammatically be modified by the limiting phrase. *Lloyd v. J.P. Morgan Chase & Co.*, 791 F.3d 265, 271 (2d Cir. 2015). Moreover, the Court places great emphasis on determining the sensible meaning of words. *See Riverside*, 920 N.E.2d at 404. Application of the rule to the provision at issue here produces a nonsensical result unlikely to reflect the intent of the parties. The following redaction illustrates Amur's proposed construction:

(iii) any action, proceeding or claim (actual or threatened) related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ any Purchased Asset arising from the negligence or willful misconduct of [TCF].

Amur's construction allows for claims related to "any purchased asset arising from negligence or willful misconduct."

TCF's proposed construction produces a more sensible result. TCF argues "action, proceeding or claim" is modified by two dependent, restrictive clauses. A dependent clause provides additional information about the word or phrase it modifies, but without it the sentence remains grammatically sound. The two restrictive dependent clauses modifying "action, proceeding, or claim" are: (1) "related to this Agreement or any other Transaction Document or to any Purchased Asset"; and (2) "arising from the negligence or willful misconduct of [TCF]." Construing the provision in this manner is logical and preserves the grammatical structure.

By this reading, indemnification is limited to damages arising from an action, proceeding, or claim that is both related to the PSA, transaction document, or purchased asset, *and* arises from the negligence or willful misconduct of TCF. The redacted portions below more clearly demonstrate how removal of either dependent clause does not affect the grammatical structure.

(iii) any action, proceeding or claim (actual or threatened) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ arising from the negligence or willful misconduct of [TCF]

or

(iii) any action, proceeding or claim (actual or threatened) related to this Agreement or any other Transaction Document or to any Purchased Asset ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Moreover, the Court notes that the drafters appear to have had an aversion to the use of commas and semicolons, and did not strictly follow rules of punctuation elsewhere in this section of the PSA. When considering a similar provision, the Second Circuit declined to apply the last

5

antecedent rule when there was only one antecedent to which all of the modifiers must refer. *Lloyd*, 791 F.3d at 271. The remarked, "Fastidious use of punctuation is a virtue in a drafter and often commands respect, but here, the absence of a comma does not support [defendant's] position." *Id*. As in *Lloyd*, it be unreasonable to afford a nonsensical construction on the basis of the presence or absence of a comma. Accordingly, the Court will not apply the rule of the last antecedent in this case because its application would produce an illogical, ungrammatical result.

Also supporting this construction is second reference to "claims arising out of willful misconduct of TCF":

> Except with respect to claims arising out of the willful misconduct of [TCF] (or any of its officers or employees), no claim may be made by any Indemnified Party against [TCF] … for any special, indirect, consequential, or punitive damages in respect to of any claim for breach of contract or any other theory of liability arising out of or related to the transactions contemplated by this Agreement.

This provision limits damages except with respect to claims arising out of willful misconduct, which is consistent with the parties' restriction of indemnification to claims arising out of willful misconduct. Together the provisions provide that TCF will only provide indemnification or special damages for claims arising out of negligence or willful misconduct.

Accordingly, the Court finds that indemnification for "any action, proceeding or claim" must be both "related to [the] Agreement or any other Transaction Document or to any Purchased Asset" and must "aris[e] from the negligence or willful misconduct of [TCF]." Therefore, to state a claim for indemnification under this provision of the PSA, Amur's complaint must allege facts that could constitute negligence or willful misconduct. Amur alleges that a complaint was filed by TCF asserting claims against Amur which relate to the PSA, and that Amur has incurred "Indemnified Amounts" as a result of the claim related to the PSA. Amur does not state any allegations that could constitute negligence or willful misconduct of TCF.

Because Amur has not stated any allegations of negligence or willful misconduct, it has failed to state a claim upon which relief can be granted. Accordingly, TCF's motion to dismiss the counterclaim is GRANTED.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE