IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TCF EQUIPMENT FINANCE, a division of TCF NATIONAL BANK, | ) ) ) | |
| Plaintiff, | ) ) | NO. 1:18-cv-00070 |
| v. | ) ) | JUDGE CAMPBELL |
| KMH SYSTEMS, INC., VALLEY PACKAGING CORP., and AMUR EQUIPMENT FINANCE, INC. | ) ) ) ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) | |

## **MEMORANDUM**

Before the Court a Motion for Judgment on the Pleadings by Defendant Valley Packaging Corporation ("Valley"). Plaintiffs TCF Equipment Finance ("TCF") and Amur Equipment Finance ("Amur") responded to the motion (Doc. Nos. 50 and 51), and Valley replied (Doc. No. 55). For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings is **DENIED**.

### I. BACKGROUND

This case involves the lease of four forklifts. Plaintiff TCF brings claims against Valley, Amur, and KMH Systems, Inc. ("KMH") to recover amounts owed under the Rental Agreement. For purposes of this motion, it is not necessary to relate the entirety of the allegations. The relevant facts are that KMH entered into a lease agreement with Valley whereby Valley would lease forklifts from KMH. Thereafter KMH assigned the lease agreement to Amur (then Axis Capitol) and Amur subsequently assigned the lease agreement to TCF. TCF brings a claim against Valley for breach of contract, alleging that Valley breached the rental agreement by failing to pay TCF monthly lease payments. Valley filed the instant motion for judgment on the pleadings (Doc. No.

46), seeking dismissal of the breach of contract claim on grounds that TCF did not allege Valley had notice of the assignments from KMH to Amur and from Amur to TCF.

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Id.* (internal quotation marks and citations omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claims plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbol*, 556 U.S. 662, 677 (2009)).

In ruling on a motion under Rule 12(c), the Court may look only at the "pleadings." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). The term "pleadings" includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading and is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Documents attached to a motion are considered part of the pleadings only if they are referred to in the plaintiff's complaint and are central to its claim. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## III. ANALYSIS

Valley claims TCF's breach of contract allegations are deficient because TCF did not allege Valley had notice of the assignments from KMF to Amur and from Amur to TCF and, absent notice of the assignment, Valley had no obligation to pay TCF. TFC argues that it did plead notice, but that notice was not required under the contract and lack of notice did not affect the validity of the assignments. The Parties agree that the Rental Agreement is governed by New Jersey law pursuant to a choice of law clause. (*See* Doc. No. 1-2, ¶ 14).

To establish a breach of contract claim in New Jersey, TCF must prove (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and as a result (3) the plaintiff suffered damages. *Accurate Abstracts, LLC v. Havas Edge, LLC*, No. 14-cv-1994, 2015 WL 5996931 (D.N.J. Oct. 14, 2015). The assignee of a contract stands in the shoes of the assignor to enforce rights assigned to it and takes subject to all defenses the obligor could have asserted against the assignor. *See* Corbin on Contracts 2d § 336 ("The right of an assignee is subject to any defense or claim of the obligor which accrues before the obligor receives notice of the assignment."); *see also, Leach v. State Farm Ins. Co*., 762 A.2d 269, 271 (N.J. Sup. Ct. App. Div. 2000) ("[w]hile an assignee's rights can be no greater than those of the assignor, neither can they be any less")(citations omitted). Lack of notice to the obligor does not affect the validity of the assignment. *New Century Fin. Servs. v. Oughla*, 98 A.3d 583, 592-93 (N.J. 2014) ("Although an assignee will ordinarily notify a debtor promptly of the assignment, as the debtor is discharged to the extent of his payments to the assignor prior to notice, the lack of notice to the debtor does not affect the validity of assignment."); *Hirsch v. Phily*, 73 A.2d 173, 176 (N.J. 1950) ("The validity of these assignments … is in no way affected by the fact that … no notice of the assignment was given to the customers concerned…"). However, an obligor is not obligated to remit payment

to an assignee until it has received notice of the assignment. *See In re Fiorella*, Bankr. L. Rep. P 82730, 2014 WL 668317, at * 4 (D.N.J. Nov. 26, 2014). This means that before receiving notice of assignment, an obligor may fulfill its obligations under the assigned contract by paying the assignor, but after receiving notice of assignment, payment to the assignor will not relieve the obligor of obligations to the assignee. *Id*. Notice, or lack thereof, does not relief the obligor of its obligations under the contract; it merely dictates to whom the payment must be made.

TCF alleges the following facts in support of its claims for breach of contract against Valley: (1) Valley and KMF entered into a valid contract for the lease of forklifts; (2) KMF assigned the Rental Agreement to Amur; (3) Amur assigned the Rental Agreement to TCF (Compl., Doc. No. 1, ¶¶ 13, 30); (4) TCF owns the right to receive all monthly lease payments owed under the Rental Agreement (*id*., ¶ 47); (5) Valley ceased payments to KMF under the rental agreement (*id*., ¶ 35); (6) at some unspecified date, Amur directed Valley to remit payments to TCF (*id*. ¶ 31); and (7) Valley did not make lease payments to TCF after having been notified of its obligation to do so (*id*., ¶ 49). Taking the allegations in the Complaint as a whole, the Court concludes Plaintiff has set forth sufficient allegations to establish a claim for breach of contract.

## IV. CONCLUSION

For the reasons stated, the Court finds that TCF has sufficiently plead a claim against Valley for breach of contract. Therefore, the Motion for Judgment on the Pleadings (Doc. No. 46) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE